## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>FLORIDA SOL SYSTEMS, INC. and SOL SATELLITE COMMUNICATIONS, INC.,<br><br>Defendants. | Civil Action No.<br><br><br>**COMPLAINT** |

Plaintiffs Zurich American Insurance Company ("ZAIC") and American Guarantee and Liability Insurance Company ("AGLIC") (ZAIC and AGLIC are hereinafter collectively referenced as "Plaintiffs"), by way of Complaint against Defendants Florida SOL Systems, Inc. ("Florida SOL") and SOL Satellite Communications, Inc. ("SOL Satellite") (Florida SOL and SOL Satellite are hereinafter collectively referenced as the "Defendants"), state as follows:

## THE PARTIES

1.      ZAIC is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  ZAIC is authorized to transact business and has transacted business in the State of Florida.

2.      AGLIC is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business is located at 1299 Zurich Way, Schaumburg, Illinois 60196. AGLIC is authorized to transact business in the State of Florida.

3.      Florida SOL is a corporation organized under the laws of the State of Florida with a principal place of business at 8095 West 21st Street, Hialeah, Florida 33016.

4.      SOL Satellite is a corporation organized under the laws of the State of Florida with a principal place of business at 9442 Northwest 109th Street, Medley, Florida 33178.

## JURISDICTIONAL ALLEGATIONS

5.      The amount in controversy between the parties is in excess of $75,000.00.

6.      Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

7.      Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8.      AGLIC issued a policy of business and auto insurance to Defendants under Policy No. BAP 0183408-00 for the effective dates of August 31, 2015 to August 31, 2016 (the "2015 BAP Policy").  A true and copy of the 2015 BAP Policy is attached hereto as **Exhibit A**.

9.      ZAIC issued a policy of general liability to Defendants under Policy No. GLO 0183409-00 for the effective dates of August 31, 2015 to August 31, 2016 (the "2015 GLO Policy"). A true and copy of the 2015 GLO Policy is attached hereto as **Exhibit B**.

10.     ZAIC issued a policy of workers compensation insurance to Defendants under Policy No. WC 0183410-00 for the effective dates of August 31, 2015 to August 31, 2016 (the "2015 WC Policy").  A true and copy of the 2015 WC Policy is attached hereto as **Exhibit C**.

11.     ZAIC issued a policy of general liability insurance to Defendants under Policy No. GLO 0183409-01 for the effective dates of August 31, 2016 to August 31, 2017 (the "2016 GLO Policy").  A true and copy of the 2016 GLO Policy is attached hereto as **Exhibit D**.

12.      ZAIC issued Defendants a policy of workers compensation insurance under Policy

No. WC 0183410-01 for the effective dates of August 31, 2016 to August 31, 2017 (the "2016 WC Policy"). A true and copy of the 2016 WC Policy is attached hereto as **Exhibit E**.

13. The 2015 BAP Policy, 2015 GLO Policy, 2016 GLO Policy, 2015 WC Policy, and 2016 WC Policy are hereinafter collectively referred to as the "Policies."

14. The Policies are insurance contacts that provide insurance coverage to Defendants for certain liabilities as set forth in the Policies.

15. Plaintiffs fulfilled their contractual obligations and provided the coverage afforded by the Policies.

The 2015 BAP Policy

16. Pursuant to the terms of the 2015 BAP Policy, initial premiums were based on information submitted by Defendants regarding their estimated exposure (i.e. payroll) for the effective dates of coverage.

17. Since initial premiums are based on estimated information, the 2015 BAP Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

18. The audit of the 2015 BAP Policy produced return premiums in the amount of $5,795.00.

The 2015 GLO Policy

19. Pursuant to the terms of the 2015 GLO Policy, initial premiums were based on information submitted by Defendants regarding its estimated exposure (i.e. payroll) for the effective dates of coverage.

20. Since initial premiums are based on estimated information, the 2015 GLO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage.

The audit can result in additional or return premiums.

21.     The audit of the 2015 GLO Policy produced additional premiums in the amount of $51,616.00.

22.     Defendants remain indebted to ZAIC in the amount of $51,616.00 for the audit of the 2015 GLO Policy.

The 2015 WC Policy

23.     Pursuant to the terms of the 2015 WC Policy, initial premiums were based on information submitted by Defendants regarding their estimated exposure (i.e. payroll) for the effective dates of coverage.

24.     Since initial premiums are based on estimated information, the 2015 WC Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

25.     The audit of the 2015 WC Policy produced additional premiums in the amount of $11,037.00.

26.     Defendants remain indebted to ZAIC in the amount of $11,037.00 for the audit of the 2015 WC Policy.

The 2016 GLO Policy

27.     Pursuant to the terms of the 2016 GLO Policy, initial premiums were based on information submitted by Defendants regarding their estimated exposure (i.e. payroll) for the effective dates of coverage.

28.     Since initial premiums are based on estimated information, the 2016 GLO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

29.     The audit of the 2016 GLO Policy produced additional premiums in the amount of $35,968.00.

30.     Defendants remain indebted to ZAIC in the amount of $35,968.00 for the audit of the 2016 GLO Policy.

The 2016 WC Policy

31.     Pursuant to the terms of the 2016 WC Policy, initial premiums were based on information submitted by Defendants regarding their estimated exposure (i.e. payroll) for the effective dates of coverage.

32.     Since initial premiums are based on estimated information, the 2016 WC Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

33.     The audit of the 2016 WC Policy produced additional premiums in the amount of $6,919.00.

34.     Defendants remain indebted to Plaintiffs in the amount of $6,919.00 for the audit of the 2015 WC Policy.

The Policies

35.     Defendants remain indebted to Plaintiffs, in the amount of $99,745.00 ($11,037.00 + $51,616.00 + 35,968.00 + $6,919.00 - $5,795.00) due to their failure and refusal to remit payment of the audit premiums due on the Policies.

36.     Prior credits totaling $1,000.00 have reduced the total unpaid balance to $98,745.00 ($99,745.00 - $1,000.00).

37.     Plaintiffs issued invoices and/or demands for payment for the unpaid premiums to Defendants in a timely fashion.

38.     Defendants have failed and refused to remit payment of the audit premiums that Defendants owe to Plaintiffs pursuant to the terms of the Policies.

39.     Plaintiffs have repeatedly demanded payment of the $98,745.00 balance owed by Defendants and attempted to collect same without success.

40.     Defendants have failed, refused, and continue to refuse to pay the balance due and owing to Plaintiffs, thereby resulting in damages to Plaintiffs in the amount of $98,745.00.

## COUNT ONE
### (Breach of Contract)

41.     Plaintiffs repeat, restate, and reallege the allegations of Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     The Policies are written contracts.

43.     Defendants agreed to remit payment of premiums in consideration of Plaintiffs' provision of insurance coverage to Defendants.

44.     Defendants failed and refused to remit payment of the premiums in the amount of $98,745.00 owed to Plaintiffs pursuant to the terms of the Policies.

45.     Plaintiffs, on numerous occasions prior to the filing of the litigation, demanded payment of the $98,745.00 owed by Defendants to Plaintiffs and attempted to collect same without success.

46.     Defendants, through their failure and refusal to remit payment, have breached the contracts, i.e. the Policies.

47.     As a result of Defendants' breach of the insurance contracts, Plaintiffs have suffered damages in the amount of $98,745.00, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of $98,745.00 for compensatory damages, together with attorney fees, cost of suit,

interest and such further relief as this Court deems just and proper.

## COUNT TWO
### (Account Stated)

48.     Plaintiffs repeat, restate, and reallege the allegations of Paragraphs 1 through 6 as if fully set forth herein.

49.     Plaintiffs presented evidence of balances due and owing to Defendants.  A true and correct copy of the Statement of Account is attached hereto as **Exhibit F**.

50.     Defendants did not dispute the evidence of the balance due and owing.

51.     Defendants have failed to provide any information or documents identifying an error in evidence.

52.     Defendants, being indebted to Plaintiffs in the sum of $98,745.00 upon evidence of the balance being due and owing, promised to pay Plaintiffs said sum upon demand.

53.     Plaintiffs have demanded that Defendants remit payment for the amount owed to Plaintiffs on numerous occasions prior to the filing of this litigation.  Defendants, however, have failed and refused to remit payment.

54.     Defendant's failure and refusal to pay the $98,745.00 balance which it owes to Plaintiffs has resulted in damages to Plaintiffs in the amount of $98,745.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of $98,745.00 for compensatory damages, together with attorney fees, cost of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### (Unjust Enrichment)

55.     Plaintiffs repeat, restate, and reallege the allegations of Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

56.     Plaintiffs have provided insurance coverage to Defendants for which Defendants have refused to pay.

57.     Defendants acknowledged and accepted the insurance coverage and related services provided by Plaintiffs.

58.     Defendants have been unjustly enriched by the insurance coverage and related services, to Plaintiffs detriment.

59.     It would be unconscionable for Defendants to retain the benefits of the insurance coverage and related services without payment to Plaintiffs.

60.     Plaintiffs have repeatedly demanded that Defendants remit payment for the insurance coverage and related services provided by Plaintiffs.

61.     Defendants' failure and refusal to pay the $98,745.00 owed to Plaintiffs has resulted in damages to Plaintiffs in the amount of $98,745.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of $98,745.00 for compensatory damages, together with attorney fees, cost of suit, interest and such further relief as this Court deems just and proper

Dated: June 21, 2019

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**
200 East Las Olas Blvd, Suite 1500
Fort Lauderdale, FL 33301
Telephone: (954) 499-7979
Facsimile: (954) 499-7969
Email: jschwartz@bressler.com
         joliva@bressler.com
*Counsel for Plaintiffs*

*/s/ Jonathan C. Schwartz*
Jonathan C. Schwartz, Esq.
Florida Bar No. 51540